SHIVERS, Judge.
There is substantial competent evidence to support the lower court’s determination that appellant Danny Lee Ivester was not prejudiced by a failure to compel discovery of records contained in Tallahassee Police Officer Thomas Butcher’s personnel file. We therefore affirm the appellant’s conviction of resisting arrest with violence. Section 843.01, Fla.Stat.
This case, when previously before us, resulted in an affirmance of the appellant’s conviction on a charge of driving while under the influence of alcoholic beverages. Section 316.193, Fla.Stat. However, we were unable to give final consideration to appellant’s conviction on a charge of resist *1272 ing arrest with violence. Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 470 (Fla.1982). Appellant’s counsel argued that self-defense was a valid defense to the charge of resisting arrest with violence; that previous complaints against the arresting officer, Thomas Butcher, for harassment or brutality might be relevant to proving self-defense; and that the officer’s personnel file should have been open to appellant for discovery purposes to determine the existence or lack thereof of any complaints for harassment or brutality. Fla.R.Crim.P. 3.220. The trial court refused to permit discovery, determining that the defense of self-defense to a resisting arrest with violence charge was “irrelevant and immaterial,” and that the records sought to be examined were privileged and subject to the police officer’s “personal safety exception.” See, Ivester, 398 So.2d at 929. Ivester was subsequently convicted.
On appeal we determined that self-defense could be interposed as a defense to a charge of resisting arrest with violence, and therefore the information in Officer Butcher’s file might be relevant to Ivester’s defense. We relinquished jurisdiction to the trial court to ascertain whether the “personal safety exception” applied; whether there was sensitive, privileged information in the officer’s personnel file; the nature of any information in the file regarding the officer’s disciplinary record or any suits pending against him; and if appellant was prejudiced by the failure to compel discovery of the contents of the personnel file. The trial court with the assistance of counsel for the parties has done an impressive job in completing the requested task.
There has been no showing that the personal safety exception is applicable, or that the personnel file contains privileged or sensitive material. Consequently, we believe that it was error not to have initially permitted discovery of the contents. However, the trial court found that none of the information in the file would have been admissible at trial and that the appellant was not prejudiced due to the failure to compel discovery. Based on the trial court’s thorough findings, we believe that some of the information in the personnel file was relevant. However, we cannot state that “but for the erroneous ruling” of not previously compelling discovery of the personnel file contents, “it is likely that the result would have been different.” Palmes v. State, 397 So.2d 648, 654 (Fla.1981), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981). Clearly, the failure to permit discovery was harmless error, and the trial court was correct in finding a lack of prejudice to appellant. His conviction on a charge of resisting arrest with violence is AFFIRMED.
LARRY G. SMITH, J., concurs.
ERVIN, J., dissents, with opinion.