COPE, J.
(concurring).
I concur in affirming the order denying the motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 because, as filed, the motion simply repeats the post-trial motion to vacate judgment which was filed by trial counsel for defendant-appellant Jones. However, the facts of the case suggest that the defendant may have received ineffective assistance of her predecessor trial counsel. The defendant was convicted of battery on a law enforcement officer, in this case a correctional officer. Although predecessor trial counsel took the deposition of the victim, it appears that counsel did not ask the correctional officer whether she had any pending internal affairs complaints. Shortly after judgment, the defense learned that there was a pending complaint for excessive use of force against a prisoner, and several months after judgment in this case, the complaint was sustained. In some circumstances, the fact of the pending internal affairs complaint and/or the underlying facts may be admissible at trial. See Henry v. State, 688 So.2d 963 (Fla. 1st DCA 1997); Ivester v. State, 429 So.2d 1271 (Fla. 1st DCA 1983). In the interest of fair adjudication, I believe the defendant should be permitted to file another Rule 3.850 motion raising the *1229 claim of ineffective assistance by her predecessor trial counsel.