# Supreme Court of Florida

_____

No. SC17-1822
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2017-07.**

November 21, 2018

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to standard criminal jury instructions 3.6(f) (Justifiable Use of Deadly Force) and 3.6(g) (Justifiable Use of Non-Deadly Force), and asks that the Court authorize the amended standard instructions for publication and use. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Committee filed its report proposing amendments to standard criminal jury instructions 3.6(f) and 3.6(g). The proposals were published in *The Florida Bar News*. One comment was received by the Committee from the Florida Public Defender Association (FPDA). The Committee disagreed with the comment and declined to modify its proposals as suggested by the FPDA.

Following the filing of the Committee's report, the Court published the proposals for comment. One comment was filed with the Court from the FPDA. In its comment, the FPDA raised two issues pertaining to both instructions 3.6(f) and 3.6(g), and one issue limited to the instruction on deadly force. First, the FPDA disagreed with the Committee's proposal to limit the forcible felony language of section 776.013(1), Florida Statutes (2018), by adding the language "against [himself] [herself] [or] [another]." The FPDA pointed out that such language is not included in the statute, and the instruction would not make sense because some forcible felonies are not committed against another person. Second, the FPDA argued that the common law "castle doctrine"[1] should be added to cover

---

1. Florida has long recognized the common law "castle doctrine," "which stands for the proposition that a person's dwelling house is a castle of defense for himself and his family, and an assault on it with intent to injure him or any lawful inmate of it may justify the use of force as protection, and even deadly force if there exist reasonable and factual grounds to believe that unless so used, a felony would be committed." *Falco v. State*, 407 So. 2d 203, 208 (Fla. 1981). Although the common law "castle doctrine" was originally limited to the privilege of nonretreat from the home, *Weiand v. State*, 732 So. 2d 1044, 1049 (Fla. 1999), it has also been extended to business premises. *Redondo v. State*, 380 So. 2d 1107, 1110-11 (Fla. 3d DCA 1980) ("In our view, business or employment premises should enjoy the same sanctity as a home for self defense purposes as in each instance the person attacked has a proprietary or near proprietary interest in the place where he is assaulted which is cloaked with a certain privacy protection . . . ."), *quashed in part on other grounds*, 403 So. 2d 954 (Fla. 1981); *see Frazier v. State*, 681 So. 2d 824, 825 (Fla. 2nd DCA 1996) (agreeing with the Third District Court of Appeal that the "castle doctrine" "extends to protect persons in their place of employment while they are lawfully engaged in their occupation").

those situations in which the defendant is in his place of business and was engaged in criminal activity.  Last, the FPDA opposed the Committee's proposal to add the word "unnecessarily" to the instruction pertaining to section 776.041(2)(a), Florida Statutes (2018).  We agree with the FPDA on this latter point and delete "unnecessarily" from the Committee's proposal.  However, we request that the Committee further consider the FPDA's comment as it pertains to the castle doctrine, and, if appropriate, submit a report proposing additional amendments to instruction 3.6(f).

We authorize the publication and use of instructions 3.6(f) and 3.6(g) as modified by the Court.  Significant changes to the instructions are discussed below.

First, both instructions 3.6(f) and 3.6(g) are modified to be consistent with statutory changes to section 776.013(1), Florida Statutes (2018), as enacted in chapter 2017-77, section 1, Laws of Florida.  In addition, with regard to those portions of each instruction pertaining to the situation where the defendant acted in response to the imminent commission of a forcible felony, as listed in section 776.08, Florida Statutes (2018), the Court has added an italicized note to trial judges clarifying that the instruction may need to be modified if the forcible felony at issue is not a crime against a person.  Whether a person may justifiably use force in response to a forcible felony that is not directed at a person is an issue that is not properly before this Court.  Also, the italicized note to trial judges citing section

776.041(1) is expanded to explain that the forcible felony instruction should only be given in cases where the defendant is charged with either an independent forcible felony or felony murder if the underlying felony is an independent forcible felony. *See In re Standard Jury Instructions in Criminal Cases-Report 2014-06*, 191 So. 3d 411, 412 (Fla. 2016).

Next, instruction 3.6(f) is further modified as follows: (1) the paragraph beginning "It is a defense to the crime[s] of " at the beginning of the instruction now includes the phrase "including lesser-included offenses"; (2) an explanatory note to trial judges is added addressing the fact that there are a number of statutes that pertain to the justifiable use of force; and (3) a new section is added to "inform the jury how to evaluate cases in which there is evidence that the defendant was engaged in criminal activity or was in a place that he or she had no right to be" because in those cases there is a duty to retreat before using deadly force.

Lastly, with regard to instruction 3.6(g), the following additional modifications are made: (1) the language "[or] the imminent commission of (applicable forcible felony listed in § 776.08, Fla. Stat.) against [himself] [herself] [or] [another]" is added to the sentence pertaining to justification of nondeadly force in defense of a person against the imminent use or threat of imminent use of unlawful force; (2) an explanatory note is added to the instruction for "aggressor" under section 776.041(1), Florida Statutes, that it should only be given in cases

where the defendant is charged with either an independent forcible felony or felony murder, if the underlying felony is an independent forcible felony; and (3) two new provisions are to be given if applicable, pertaining to "prior threats" and "specific act of victim known by defendant."

Having considered the Committee's report, we authorize the amended instructions with our modifications, as set forth in the appendix to this opinion, for publication and use.[2]  New language is indicated by underlining, and deleted language is indicated by struck-through type.  We caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.  In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions.  The instructions as set forth in the appendix shall become effective when this opinion becomes final.

_____

2. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml.  We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions.  Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED WITHIN FIVE DAYS AFTER THE FILING OF THE MOTION FOR REHEARING/CLARIFICATION. NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, Eleventh Judicial Circuit, on behalf of Florida Public Defender Association, Inc., Miami, Florida,

Responding with Comments

# APPENDIX

## 3.6(f) JUSTIFIABLE [USE] [OR] [**THREATENED** USE] OF DEADLY FORCE

*Because there are many statutes applicable to self-defense, give only those parts of the instructions that are required by the evidence. However, unless the evidence establishes the force or threat of force was deadly or non-deadly as a matter of law, both 3.6(f) and 3.6(g) must be given. Mathis v. State, 863 So. 2d 464 (Fla. 1st DCA 2004). Only the discharge of a firearm, whether accidental or not, has been deemed to be the use of deadly force as a matter of law. Hosnedl v. State, 126 So. 3d 400 (Fla. 4th DCA 2013).*

*Read in all cases.*
**It is a defense to the crime[s] of** (name[s] of relevant crime[s], including lesser-included offenses) **if the actions of** (defendant) **constituted the justifiable [use] [or] [threatened use] of deadly force. "Deadly force" means force likely to cause death or great bodily harm.**

*Definition.*
~~**"Deadly force" means force likely to cause death or great bodily harm.**~~

*~~Both Chapter 776 and §~~ Section 782.02, Fla. Stat., and many statutes within Chapter 776 address the justifiable use of deadly force, however, § 782.02, Fla. Stat., does not address the concept of stand-your-ground/no duty to retreat. Additionally, § 776.013(1), Fla. Stat., covers the situation where the defendant was in a dwelling and had the right to be there while § 776.012(1), and §776.031(2), Fla. Stat., cover other situations. The Committee advises lawyers and judges to use great caution in deciding which statute or statutes apply.*

*Give if applicable. § 782.02, Fla. Stat.*
**The use of deadly force is justifiable if** ~~the defendant~~(defendant) **reasonably believed that the force was necessary to prevent imminent death or great bodily harm to [himself] [herself] while resisting:**

**1.** **another's attempt to murder [him] [her], or**

**2.** **any attempt to commit** (applicable felony) **upon [him] [her], or**

- 7 -

**3.** **any attempt to commit** (applicable felony) **upon or in any dwelling house in which [he] [she] was present** occupied by [him] [her].

*Give the elements of the applicable felony that defendant alleges victim attempted to commit, but omit any reference to burden of proof. See Montijo v. State, 61 So. 3d 424 (Fla. 5th DCA 2011).*

*Give if applicable. §§ 776.012(2), 776.031(2), Fla. Stat. Defendant not in a dwelling or residence or defendant was in a dwelling or residence but had no right to be there. Where appropriate, the court should state or define the applicable criminal activity that the defendant may have been engaged in.*

(Defendant) **was justified in [using] [or] [threatening to use] deadly force if [he] [she] reasonably believed that such [force] [or] [threat of force] was necessary to prevent [imminent death or great bodily harm to [himself] [herself] [or] [another] [or] [the imminent commission of** (applicable forcible felony listed in § 776.08, Fla. Stat.) **against [himself] [herself] [or another]]. If** (defendant) **was not otherwise engaged in criminal activity and was in a place [he] [she] had a right to be, then [he] [she] had no duty to retreat and had the right to stand [his] [her] ground.**

*Give the elements of the applicable forcible felony that defendant alleges victim was about to commit, but omit any reference to burden of proof. See Montijo v. State, 61 So. 3d 424 (Fla. 5th DCA 2011). The instruction may need to be modified in the event that the forcible felony at issue is not a crime against a person.*

*Give the paragraph below when there is evidence that the defendant was engaged in criminal activity or was not in a place where he or she had a right to be, which means there was a duty to retreat. Morgan v. State, 127 So. 3d 708 (Fla. 5th DCA 2013). Where appropriate, the court should state or define the applicable criminal activity that the defendant may have been engaged in.*

**If** (defendant) **was otherwise engaged in criminal activity or was not in a place [he] [she] had a right to be, then the [use] [or] [threatened use] of deadly force was not justified unless [he] [she] used every reasonable means within [his] [her] power and consistent with [his] [her] own safety to avoid the danger before resorting to the [use] [or] [threatened use] of deadly force. The fact that the defendant was wrongfully attacked cannot justify [his] [her] [use] [or] [threatened use] of deadly force, if, by retreating, [he] [she] could have avoided the need to [use] [or] [threaten to use] deadly force. However, if (defendant) was placed in a position of imminent danger of death or great bodily harm and it would have increased [his] [her] own danger to retreat, then [his] [her] [use] [or] [threatened use] of deadly force was justifiable.**

- 8 -

*Give if applicable. § 776.013(1), Fla. Stat. Defendant in a dwelling or residence and had a right to be there.*

**If** (defendant) **was in a [dwelling] [residence] in which [he] [she] had a right to be, [he] [she] had no duty to retreat and had the right to stand [his] [her] ground and use [or] [threaten to use] force, including deadly force if [he] [she] reasonably believed that such conduct was necessary to prevent imminent death or great bodily harm to [himself] [herself] [or] [another] [or] [the imminent commission of** (applicable forcible felony listed in § 776.08, Fla. Stat.)] **against [himself] [herself] [or] [another].**

*Give the elements of the applicable forcible felony that defendant alleges victim was about to commit, but omit any reference to burden of proof. See Montijo v. State, 61 So. 3d 424 (Fla. 5th DCA 2011). The instruction may need to be modified in the event that the forcible felony at issue is not a crime against a person.*

*Force in resisting a law enforcement officer. § 776.051(1), Fla. Stat.*

**A person is not justified in [using force] [or] [threatening to use force] to resist an arrest by a law enforcement officer, or to resist a law enforcement officer who is engaged in the execution of a legal duty, if the law enforcement officer was acting in good faith and he or she is known, or reasonably appears, to be a law enforcement officer.**

*Give if applicable.*

**However, if an officer uses excessive force to make an arrest, then a person is justified in the [use] [or] [threatened use] of reasonable force to defend [himself] [herself]** (or another)**, but only to the extent [he] [she] reasonably believes such [force] [or] [threat of force] is necessary.** *See § 776.012, Fla. Stat.; Ivester v. State, 398 So. 2d 926 (Fla. 1st DCA 1981); Jackson v. State, 463 So. 2d 372 (Fla. 5th DCA 1985).*

*Read in all cases.*

*At the end of the last sentence of the paragraph below, there are two sets of brackets. The words within the first set of brackets should be read if the jury is instructed on either § 776.012(2), Fla. Stat., or § 776.031(2), Fla. Stat. The words within the second set of brackets should be read if the jury is instructed on § 776.013(1), Fla. Stat.*

*If the evidence is in dispute about whether the defendant was in a dwelling or residence or whether the defendant had a right to be there or whether the defendant was engaged in criminal activity, the trial judge must craft a special instruction for the paragraph below.*

**In deciding whether** (defendant) **was justified in the [use] [or] [threatened use] of deadly force, you must consider the circumstances by which [he] [she] was surrounded at the time the [force] [or] [threat of force] was used. The danger need not have been actual; however, to justify the [use] [or] [threatened use] of deadly force, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that [force] [or] [threat of force]. Based upon appearances,** (defendant) **must have actually believed that the danger was real. However, the defendant had no duty to retreat if [he] [she] was [not otherwise engaged in criminal activity and was in a place where [he] [she] had a right to be] [was in a dwelling or residence in which [he] [she] had a right to be].**

*Presumption of fear (unlawful and forcible entry into dwelling, residence, or occupied vehicle). Give if applicable. § 776.013(~~1~~2), Fla. Stat.*
(Defendant) **is presumed to have held a reasonable fear of imminent peril of death or great bodily harm to [himself] [herself] [another] when [using] [or] [threatening to use] defensive force that was intended or likely to cause death or great bodily harm to another if:**

      **a.**    **The person against whom the defensive force was [used] [or] [threatened to be used] was in the process of unlawfully and forcefully entering, or had unlawfully and forcibly entered, a dwelling, residence, or occupied vehicle, or if that person had removed or was attempting to remove another against that person's will from the dwelling, residence, or occupied vehicle; and**

      **b.**    (Defendant) **knew or had reason to believe that an unlawful and forcible entry or unlawful and forcible act was occurring or had occurred.**

*Exceptions to Presumption of Fear. § 776.013(~~2~~3)(a)-(~~2~~3)(d), Fla. Stat. Give as applicable.*
**The presumption of reasonable fear of imminent death or great bodily harm does not apply if:**

      **a.**    **the person against whom the defensive force is [used] [or] [threatened to be used] has the right to be in [or**

is a lawful resident of the [dwelling] [residence]] [vehicle], such as an owner, lessee, or titleholder, and there is not an injunction for protection from domestic violence or a written pretrial supervision order of no contact against that person; or

b.      the person or persons sought to be removed is a child or grandchild, or is otherwise in the lawful custody or under the lawful guardianship of, the person against whom the defensive force is [used] [or] [threatened to be used]; or

c.      the person who [uses] [or] [threatens to use] defensive force is engaged in a criminal activity or is using the [dwelling] [residence] [occupied vehicle] to further a criminal activity; or

d.      the person against whom the defensive force is [used] [or] [threatened to be used] is a law enforcement officer, who enters or attempts to enter a [dwelling] [residence] [vehicle] in the performance of [his] [her] official duties and the officer identified [himself] [herself] in accordance with any applicable law or the person [using] [or] [threatening to use] the force knew or reasonably should have known that the person entering or attempting to enter was a law enforcement officer.

*If requested, give definition of "law enforcement officer" from § 943.10(14), Fla. Stat.*

*§ 776.013(4), Fla. Stat. § 776.013(5), Fla. Stat. Give if applicable.*
**A person who unlawfully and by force enters or attempts to enter another's [dwelling] [residence] [occupied vehicle] is presumed to be doing so with the intent to commit an unlawful act involving force or violence.**

**"Dwelling" means a building or conveyance of any kind, including any attached porch, whether the building or conveyance is temporary or permanent or mobile or immobile, which has a roof over it, including a tent, and is designed to be occupied by people lodging therein at night.**

- 11 -

**"Residence"** means a dwelling in which a person resides either temporarily or permanently or is visiting as an invited guest.

**"Vehicle"** means a conveyance of any kind, whether or not motorized, which is designed to transport people or property.

*Aggressor. § 776.041(1), Fla. Stat. Give if applicable and only in cases where the defendant is charged with either: a) an independent forcible felony, Martinez v. State, 981 So. 2d 449 (Fla. 2008); or b) felony murder, if the underlying felony is an independent forcible felony, Cook v. State, 192 So. 3d 681 (Fla. 2d DCA 2016).*

**However, the [use] [or] [threatened use] of deadly force is not justified if you find that** (defendant) **was attempting to commit, committing, or escaping after the commission of** (applicable forcible felony listed in § 776.08, Fla. Stat.)**.**

*Give the elements of the applicable forcible felony but omit any reference to burden of proof. See Montijo v. State, 61 So. 3d 424 (Fla. 5th DCA 2011). The instruction may need to be modified in the event that the forcible felony at issue is not a crime against a person.*

*Aggressor. § 776.041(2), Fla. Stat. Give if applicable.*
*Gibbs v. State, 789 So. 2d 443 (Fla. 4th DCA 2001).*

**However, the [use] [or] [threatened use] of deadly force is not justified if you find that** (defendant) **used [force] [or] [the threat of force] to initially provoke the [use] [or] [threatened use] of force against [himself] [herself], unless:**

1. **The [force] [or] [threat of force] asserted toward the defendant was so great that [he] [she] reasonably believed that [he] [she] was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than [using] [or] [threatening to use] deadly force on** (victim)**.**

   **[or]**

2. **In good faith,** (defendant) **withdrew from physical contact with** (victim) **and clearly indicated to** (victim) **that [he] [she] wanted to withdraw and stop the [use] [or] [threatened use] of deadly force, but** (victim) **continued or resumed the [use] [or] [threatened use] of force.**

- 12 -

*Prior threats. Give if applicable.*

**If you find that** ~~the defendant~~(defendant)**, who because of threats or prior difficulties with** (victim)**, had reasonable grounds to believe that [he] [she] was in danger of death or great bodily harm at the hands of** (victim)**, you may consider this fact in determining whether the actions of** ~~the defendant~~ (defendant) **were those of a reasonable person.**

*<u>Specific act of victim known by defendant. Give if applicable.</u>*

**<u>If you find that at the time of the alleged</u>** (name[s] of relevant crime[s])**<u>,</u>** (defendant) **<u>knew that</u>** (victim) **<u>had committed an act [or acts] of violence, you may consider that fact in determining whether</u>** (defendant) **<u>reasonably believed it was necessary for [him] [her] to [use] [or] [threaten to use] deadly force.</u>**

*Reputation of victim known by defendant. Give if applicable.*

**If you find that** (victim) **had a reputation of being a violent and dangerous person and that [his] [her] reputation was known to** ~~the defendant~~(defendant)**, you may consider this fact in determining whether the actions of** ~~the defendant~~(defendant) **were those of a reasonable person in dealing with an individual of that reputation.**

*Reputation of victim not necessarily known by defendant (to show victim acted in conformity with victim's character). Give if applicable.*

**If you find that** (victim) **had a reputation of being a violent and dangerous person, you may consider this fact in determining whether [he] [she] was the initial aggressor.**

*Physical abilities. Read in all cases.*

**In considering the issue of [self-defense]<u> [defense of another]</u>, you may take into account the relative physical abilities and capacities of** ~~the defendant~~(defendant) **and** (victim)**.**

*Read in all cases.*

**If in your consideration of the issue of [self-defense]<u> [defense of another]</u> you have a reasonable doubt on the question of whether** ~~the defendant~~(defendant) **was justified in the [use]<u> [or]</u> [<u>threatened use]</u> of deadly force, you should find** ~~the defendant~~[<u>him] [her]</u> **not guilty.**

**However, if from the evidence you are convinced beyond a reasonable doubt that** ~~the defendant~~(defendant) **was not justified in the [use]<u> [or]</u> [<u>threatened use]</u> of deadly force, you should find [him] [her] guilty if all the elements of the charge have been proved.**

- 13 -

This instruction should be used for crimes committed on or after ~~June 20, 2014. *See* Chapter 2014-195, Laws of Florida~~July 1, 2017.

A defendant may have knowledge of a victim's prior specific acts of violence because he or she was present during the occurrence of the specific acts or because the defendant heard of the specific acts prior to the date of the alleged act of self-defense. *See Smith v. State*, 606 So. 2d 641 (Fla. 1st DCA 1992).

This instruction was adopted in 1981 and was amended in 1985 [477 So. 2d 985], 1999 [732 So. 2d 1044], 2000 [789 So. 2d 954], 2006 [930 So. 2d 612], 2008 [976 So. 2d 1081], 2010 [27 So. 3d 640], ~~and~~ 2016 [191 So. 3d 411], and 2018.

## 3.6(g) JUSTIFIABLE [USE] [OR] [THREATENED USE] OF NON-DEADLY FORCE

*Because there are many statutes applicable to self-defense, give only those parts of the instructions that are required by the evidence. However, unless the evidence establishes the force used was deadly or non-deadly as a matter of law, both 3.6(f) and 3.6(g) must be given. Mathis v. State, 863 So. 2d 464 (Fla. 1st DCA 2004). Only the discharge of a firearm, whether accidental or not, has been deemed to be the use of deadly force as a matter of law. Hosnedl v. State, 120 So. 3d 400 (Fla. 4th DCA 2013).*

*~~Read in all cases.~~*
**It is a defense to the crime[s] of** (name[s] of relevant crime[s], including lesser-included offenses) **if the actions of** (defendant) **constituted the justifiable [use] [or] [threatened] of non-deadly force. "Non-deadly" force means force not likely to cause death or great bodily harm.**

*~~Definition.~~*
~~**"Non-deadly" force means force not likely to cause death or great bodily harm.**~~

*In defense of person. §§ 776.012(1), 776.013(1), Fla. Stat. Give if applicable.*

(Defendant) **was justified in [using] [or] [threatening to use] non-deadly force against** (victim) **and had no duty to retreat if [he] [she] reasonably believed that such conduct was necessary to defend [himself] [herself] [another] against [**(victim's) **imminent use of unlawful force] [or] the imminent commission of** (applicable forcible felony listed in § 776.08, Fla. Stat.) **against [himself] [herself] [or] [another].**

*Give the elements of the applicable forcible felony that defendant alleges victim was about to commit, but omit any reference to burden of proof. See Montijo v. State, 61 So. 3d 424 (Fla. 5th DCA 2011). The instruction may need to be modified in the event that the forcible felony at issue is not a crime against a person.*

*In defense of property. § 776.031(1), Fla. Stat. Give if applicable.*
(Defendant) **was justified in [using] [or] [threatening to use] non-deadly force against** (victim) **and had no duty to retreat if:**

1. (Victim) **[was about to trespass] [or] [was trespassing] or [was about to wrongfully interfere] [or] [was wrongfully interfering] with land or personal property; and**

2. **The land or personal property was lawfully in** (defendant's) **possession, or in the possession of a member of [his] [her] immediate family or household, or in the possession of some person whose property [he] [she] was under a legal duty to protect; and**

3. (Defendant) **reasonably believed that [his] [her] [use] [or] [threatened use] of force was necessary to prevent or terminate** (victim's) **wrongful behavior.**

*Presumption of fear (unlawful and forcible entry into dwelling, residence, or occupied vehicle). Give if applicable. § 776.013(~~1~~2), Fla. Stat.*
(Defendant) **is presumed to have held a reasonable fear of imminent peril of death or great bodily harm to [himself] [herself] [another] when [using] [or] [threatening to use] defensive force if:**

a. **The person against whom the defensive force was [used] [or] [threatened to be used] was in the process of unlawfully and forcefully entering, or had unlawfully and forcibly entered, a dwelling, residence, or occupied vehicle, or if that person had removed or**

**was attempting to remove another against that person's will from the dwelling, residence, or occupied vehicle; and**

b. (Defendant) **knew or had reason to believe that an unlawful and forcible entry or unlawful and forcible act was occurring or had occurred.**

*Exceptions to Presumption of Fear. §§ 776.013(2~~2~~3)(a)-(2~~2~~3)(d), Fla. Stat. Give as applicable.*

**The presumption of reasonable fear of imminent death or great bodily harm does not apply if:**

a. **the person against whom the defensive force is [used] [or] [threatened to be used] has the right to be in [or is a lawful resident of the [dwelling] [residence]] [vehicle], such as an owner, lessee, or titleholder, and there is not an injunction for protection from domestic violence or a written pretrial supervision order of no contact against that person; or**

b. **the person or persons sought to be removed is a child or grandchild, or is otherwise in the lawful custody or under the lawful guardianship of, the person against whom the defensive force is [used] [or] [threatened to be used]; or**

c. **the person who [uses] [or] [threatens to use] defensive force is engaged in a criminal activity or is using the [dwelling] [residence] [occupied vehicle] to further a criminal activity; or**

d. **the person against whom the defensive force is [used] [or] [threatened to be used] is a law enforcement officer, who enters or attempts to enter a [dwelling] [residence] [vehicle] in the performance of [his] [her] official duties and the officer identified [himself] [herself] in accordance with any applicable law or the person [using] [or] [threatening to use] the force knew or reasonably should have known that the person entering or attempting to enter was a law**

- 16 -

**enforcement officer.**

*If requested, give definition of "law enforcement officer" from § 943.10(14), Fla. Stat.*

*§§ 776.013(4), 776.013(5), Fla. Stat. Give if applicable.*
**A person who unlawfully and by force enters or attempts to enter another's [dwelling] [residence] [occupied vehicle] is presumed to be doing so with the intent to commit an unlawful act involving force or violence.**

**"Dwelling" means a building or conveyance of any kind, including any attached porch, whether the building or conveyance is temporary or permanent or mobile or immobile, which has a roof over it, including a tent, and is designed to be occupied by people lodging therein at night.**

**"Residence" means a dwelling in which a person resides either temporarily or permanently or is visiting as an invited guest.**

**"Vehicle" means a conveyance of any kind, whether or not motorized, which is designed to transport people or property.**

*Force in resisting a law enforcement officer. § 776.051(1), Fla. Stat.*
**A person is not justified in [using] [or] [threatening to use] force to resist an arrest by a law enforcement officer, or to resist a law enforcement officer who is engaged in the execution of a legal duty, if the law enforcement officer was acting in good faith and he or she is known, or reasonably appears, to be a law enforcement officer.**

*Give the following instruction if applicable.*
**However, if an officer uses excessive force to make an arrest, then a person is justified in the [use] [or] [threatened use] of reasonable force to defend [himself] [herself] [another], but only to the extent [he] [she] reasonably believes such force is necessary.** *See § 776.012, Fla. Stat.; Ivester v. State, 398 So. 2d 926 (Fla. 1st DCA 1981); Jackson v. State, 463 So. 2d 372 (Fla. 5th DCA 1985).*

*Read in all cases.*
**In deciding whether** (defendant) **was justified in the [use] [or] [threatened use] of non-deadly force, you must consider the circumstances by which [he] [she] was surrounded at the time the [force] [or] [threat of force] was used. The danger need not have been actual; however, to justify the [use] [or] [threatened use] of non-deadly force, the appearance of danger must have**

**been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that [force] [or] [threat of force], although as I have previously explained, the defendant had no duty to retreat. Based upon appearances,** (defendant) **must have actually believed that the danger was real.**

*Aggressor. § 776.041(1), Fla. Stat. Give if applicable <u>and only in cases where the defendant is charged with either: a) an independent forcible felony, Martinez v. State, 981 So. 2d 449 (Fla. 2008); or b) felony murder, if the underlying felony is an independent forcible felony, Cook v. State, 192 So. 3d 681 (Fla. 2d DCA 2016).</u>*
**However, the [use] [or] [threatened use] of non-deadly force is not justified if you find that** (defendant) **was attempting to commit, committing, or escaping after the commission of a[n]** (applicable forcible felony listed in § 776.08, Fla. Stat.)**.**

*Give the elements of the applicable forcible felony but omit any reference to burden of proof. Montijo v. State, 61 So. 3d 424 (Fla. 5th DCA 2011). <u>The instruction may need to be modified in the event that the forcible felony at issue is not a crime against a person.</u>*

*Aggressor. § 776.041(2), Fla. Stat. Give if applicable.*
*Gibbs v. State, 789 So. 2d 443 (Fla. 4th DCA 2001).*
**However, the [use] [or] [threatened use] of non-deadly force is not justified if you find that** (defendant) **used [force] [or] [the threat of force] to initially provoke the [use] [or] [threatened use] of force against [himself] [herself], unless:**

1. ~~T~~the **[force] [or] [threatened force] asserted toward** (defendant) **was so great that [he] [she] reasonably believed that [he] [she] was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than using non-deadly force on** (victim)**.**

   **[or]**

2. ~~I~~in **good faith,** (defendant) **withdrew from physical contact with** (victim) **and indicated clearly to** (victim) **that [he] [she] wanted to withdraw and stop the [use] [or] [threatened use] of non-deadly force, but** (victim) **continued or resumed the [use] [or] [threatened use] of force.**

*Prior threats. Give if applicable.*

**If you find that** (defendant)**, who because of threats or prior difficulties with** (victim)**, had reasonable grounds to believe that [he] [she] was in danger of imminent use of unlawful force at the hands of** (victim)**, you may consider this fact in determining whether the actions of** (defendant) **were those of a reasonable person.**

*Specific act of victim known by defendant. Give if applicable.*

**If you find that at the time of the alleged** (name[s] of relevant crime[s])**,** (defendant) **knew that** (victim) **had committed an act [or acts] of violence, you may consider that fact in determining whether** (defendant) **reasonably believed it was necessary for [him] [her] to [use] [or] [threaten to use] non-deadly force.**

*Reputation of victim known by defendant. Give if applicable.*

**If you find that** (victim) **had a reputation of being a violent and dangerous person and that [his] [her] reputation was known to** ~~the defendant~~(defendant)**, you may consider this fact in determining whether the actions of** ~~the defendant~~(defendant) **were those of a reasonable person in dealing with an individual of that reputation.**

*Reputation of victim not necessarily known by defendant (to show victim acted in conformity with victim's character). Give if applicable.*

**If you find that** (victim) **had a reputation of being a violent and dangerous person, you may consider this fact in determining whether [he] [she] was the initial aggressor.**

*Physical abilities. Read in all cases.*

**In considering the issue of [self-defense] [defense of another] [defense of property], you may take into account the relative physical abilities and capacities of** ~~the defendant~~(defendant) **and** (victim)**.**

*Read in all cases.*

**If in your consideration of the issue of [self-defense] [defense of another] [defense of property] you have a reasonable doubt on the question of whether** ~~the defendant~~(defendant) **was justified in the [use] [or] [threatened use] of non-deadly force, you should find** ~~the defendant~~[him] [her] **not guilty.**

**However, if from the evidence you are convinced beyond a reasonable doubt that** ~~the defendant~~(defendant) **was not justified in the [use] [or]**

- 19 -

**[threatened use]** of non-deadly force, then you should find [him] [her] guilty if all the elements of the charge have been proved.

**Comments**

This instruction should be used for crimes committed on or after ~~June 20, 2014. *See* Chapter 2014-195, Laws of Florida~~July 1, 2017.

A defendant may have knowledge of a victim's prior specific acts of violence because he or she was present during the occurrence of the specific acts or because the defendant heard of the specific acts prior to the date of the alleged act of self-defense. *See Smith v. State*, 606 So. 2d 641 (Fla. 1st DCA 1992).

This instruction was adopted in 1981 and was amended in 1985 [477 So. 2d 985], 1992 [603 So. 2d 1175], 2006 [930 So. 2d 612], 2007 [947 So. 2d 1159], 2008 [976 So. 2d 1081], 2010 [27 So. 3d 640], ~~and~~ 2016 [191 So. 3d 411], and 2018.