# Supreme Court of Florida

_____

No. SC14-1909
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT NO. 2014-06.**

[May 5, 2016]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted a report proposing amendments to two existing

standard criminal jury instructions. We have jurisdiction. See art. V, § 2(a), Fla.

Const.

The Committee proposes amending instructions 3.6(f) – Justifiable Use of

Deadly Force and 3.6(g) – Justifiable Use of Non-Deadly Force. Before filing its

report with the Court, the Committee published its proposals in The Florida Bar

News. Four comments were received. Upon consideration of the comments, the

Committee modified the language in various parts of its proposals. The Committee

did not republish its proposals.

After the Committee filed its report, the Court published the Committee's proposals for comment. A comment was received from the Florida Association of Criminal Defense Lawyers, and the Committee received a comment from an individual commentator. The Court thereafter granted the Committee's request to amend its proposals. Having considered the Committee's report and amended proposals, the comments filed, and the Committee's response, we hereby authorize for publication and use instructions 3.6(f) and 3.6(g), with the modification discussed below.

We decline to authorize for publication and use the Committee's proposed note to trial judges in both instructions regarding the applicability of the forcible felony instruction. The forcible felony instruction is based on section 776.041(1), Florida Statutes (2015), and instructs jurors that a defendant's use or threatened use of force is not justified if he or she attempted to commit, committed, or was in the process of escaping from the commission of a forcible felony. This Court has previously held that use of the forcible felony instruction is limited to those cases in which the defendant is charged with committing an independent forcible felony. Martinez v. State, 981 So. 2d 449, 457 (Fla. 2008). The note proposed by the Committee, however, states that the forcible felony instruction should be given if there is evidence the defendant committed an independent forcible felony. The proposed note is thus inconsistent with our existing case law on the issue of when

the forcible felony instruction should be given.  Because we are concerned that the proposed note's inconsistency with our case law will create unnecessary confusion and litigation, we decline to authorize it for publication and use.[1]

We also refer instruction 3.6(f) back to the Committee for consideration of whether the instruction should be amended to include language addressing a defendant's duty to retreat under section 776.013(3), Florida Statutes (2015).  The enactment of chapter 2014-195, § 4, Laws of Florida, significantly revised language in section 776.013(3), Florida Statutes, pertaining to the circumstances under which a defendant does not have a duty to retreat before using force.  The proposal submitted by the Committee, while addressing a defendant's duty to retreat under sections 776.012(2) and 776.031(2), Florida Statutes, does not address a defendant's duty to retreat under section 776.013(3), Florida Statutes. We are concerned that instruction 3.6(f) as proposed by the Committee does not fully address the circumstances under which a defendant does not have a duty to retreat before using force.  We therefore refer instruction 3.6(f) back to the Committee for it to consider whether the instruction should be amended to include

---

1.  We are cognizant of the fact that the Committee's proposed note also contains language stating that the forcible felony instruction is normally given in cases where the defendant is charged with two criminal acts.  We do not believe, however, that the inclusion of this language in the proposed note is sufficient to mitigate the confusion and litigation that is likely to occur from the proposed note's inconsistency with established case law.

language addressing a defendant's duty to retreat under section 776.013(3), Florida Statutes.

Accordingly, the instructions, as set forth in the appendix to this opinion, are authorized for publication and use.[2]  In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions.  We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.  New language is indicated by underlining and deleted language is indicated by struck-through type.  The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

---

2. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml.  We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions.  Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Frederic Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; Judge Jerri Lynn Collins, Past Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida; and Barton Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

     for Petitioner

Luke Newman of Luke Newman, PA, Tallahassee, Florida, and William Rudolf Ponall of Snure & Ponall P.A., Winter Park, Florida,

     Responding with Comments

# Appendix

## 3.6(f) JUSTIFIABLE USE OF DEADLY FORCE

*Because there are many ~~defenses~~statutes applicable to self-defense, give only those parts of the instructions that are required by the evidence. However, unless the evidence establishes the force or threat of force was deadly or non-deadly as a matter of law, both 3.6(f) and 3.6(g) must be given. Mathis v. State, 863 So. 2d 464 (Fla. 1st DCA 2004). Only the discharge of a firearm, whether accidental or not, has been deemed to be the use of deadly force as a matter of law. Hosnedl v. State, 126 So. 3d 400 (Fla. 4th DCA 2013).*

*Read in all cases.*
~~An issue in this case is whether the defendant acted in self-defense.~~ **It is a defense to the ~~offense with which~~ (defendant) ~~is charged if the [death of] [injury to] (victim) resulted from~~ crime[s] of (name[s] of relevant crime[s]) if the actions of (defendant) constituted the justifiable use of deadly force.**

*Definition.*
**"Deadly force" means force likely to cause death or great bodily harm.**

*Both Chapter 776 and § 782.02, Fla. Stat., address the justifiable use of deadly force.*

*Give if applicable. § 782.02, Fla. Stat.*
**The use of deadly force is justifiable ~~only~~if the defendant reasonably believe~~s~~d that the force ~~is~~was necessary to prevent imminent death or great bodily harm to [himself] [herself] while resisting:**

1. **another's attempt to murder [him] [her], or**

2. **any attempt to commit** (applicable felony) **upon [him] [her], or**

3. **any attempt to commit** (applicable felony) **upon or in any dwelling, ~~residence, or vehicle~~ occupied by [him] [her].**
*~~Insert and define~~Give the elements of the applicable felony that defendant alleges victim attempted to commit, but omit any reference to burden of proof. See Montijo v. State, 61 So. 3d 424 (Fla. 5th DCA 2011).*

*Give if applicable.  §§ 776.012(2), 776.031(2), Fla. Stat.*

~~A person is~~(Defendant) **was justified in [using] [or] [threatening to use] deadly force if [he] [she] reasonably believe~~s~~d that such [force] [or] [threat of force] ~~is~~was necessary to prevent [imminent death or great bodily harm to [himself] [herself] [or] [another] [or] [the imminent commission of** (applicable forcible felony listed in § 776.08, Fla. Stat.) **against [himself] [herself] [or another]]. If** (defendant) **was not otherwise engaged in criminal activity and was in a place [he] [she] had a right to be, then [he] [she] had no duty to retreat and had the right to stand [his] [her] ground.**

> 1.     ~~imminent death or great bodily harm to [himself] [herself] or another, or~~
>
> 2.     ~~the imminent commission of~~ (applicable forcible felony) ~~against [himself] [herself] [or another].~~

*~~Insert and define~~Give the elements of the applicable forcible felony that defendant alleges victim was about to commit, but omit any reference to burden of proof. See Montijo v. State, 61 So. 3d 424 (Fla. 5th DCA 2011). ~~Forcible felonies are listed in § 776.08, Fla. Stat.~~*

*~~Aggressor. § 776.041, Fla. Stat.~~*
~~**However, the use of deadly force is not justifiable if you find:**~~

*~~Give only if the defendant is charged with an independent forcible felony. See Giles v. State, 831 So. 2d 1263 (Fla. 4th DCA 2002).~~*
~~1. (Defendant)~~ **~~was attempting to commit, committing, or escaping after the commission of~~** ~~(applicable forcible felony)~~**~~; or~~**

*~~Define applicable forcible felony. Define after paragraph 2 if both paragraphs 1and 2 are given. Forcible felonies are listed in § 776.08, Fla. Stat.~~*

~~2. (Defendant)~~ **~~initially provoked the use of force against [himself] [herself],~~** ~~unless:~~

> a.     ~~The force asserted toward the defendant was so great that [he] [she] reasonably believed that [he] [she] was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than using deadly force on~~ (assailant)~~.~~

**b.    ~~In good faith, the defendant withdrew from physical contact with~~** (assailant) **~~and clearly indicated to~~** (assailant) **~~that [he] [she] wanted to withdraw and stop the use of deadly force, but~~** (assailant) **~~continued or resumed the use of force.~~**

*Force in resisting a law enforcement officer. § 776.051(1), Fla. Stat.*
**A person is not justified in [using force] [or] [threatening to use force] to resist an arrest by a law enforcement officer, or to resist a law enforcement officer who is engaged in the execution of a legal duty, if the law enforcement officer was acting in good faith and he or she is known, or reasonably appears, to be a law enforcement officer.**

*Give if applicable.*
**However, if an officer uses excessive force to make an arrest, then a person is justified in the [use] [or] [threatened use] of reasonable force to defend [himself] [herself]** (or another)**, but only to the extent [he] [she] reasonably believes such [force] [or] [threat of force] is necessary.** *See § 776.012, Fla. Stat.; Ivester v. State, 398 So. 2d 926 (Fla. 1~~st~~st DCA 1981); Jackson v. State, 463 So. 2d 372 (Fla. 5~~th~~th DCA 1985).*

*~~In some instances, the instructions applicable to §§ 776.012, 776.031, or 776.041, Fla. Stat., may need to be given in connection with this instruction.~~*

*Read in all cases.*
**In deciding whether ~~defendant~~**(defendant) **was justified in the [use] [or] [threatened use] of deadly force, you must ~~judge [him] [her] by~~consider the circumstances by which [he] [she] was surrounded at the time the [force] [or] [threat of force] was used. The danger ~~facing the defendant~~need not have been actual; however, to justify the [use] [or] [threatened use] of deadly force, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that [force] [or] [threat of force]. Based upon appearances, ~~the defendant~~**(defendant) **must have actually believed that the danger was real. However, the defendant had no duty to retreat if [he] [she] was not otherwise engaged in criminal activity and was in a place where [he] [she] had a right to be.**

*No duty to retreat. § 776.013(3), Fla. Stat. See Novak v. State 974 So. 2d 520 (Fla. 4th DCA 2008) regarding unlawful activity. There is no duty to retreat where the defendant was not engaged in any unlawful activity other than the crime(s) for which the defendant asserts the justification.*

**If the defendant [was not engaged in an unlawful activity and] was attacked in any place here [he] [she] had a right to be, [he] [she] had no duty to retreat and had the right to stand [his] [her] ground and meet force with force, including deadly force, if [he] [she] reasonably believed that it was necessary to do so to prevent death or great bodily harm to [himself] [herself] [another] or to prevent the commission of a forcible felony.**

*Define applicable forcible felony from list in § 776.08, Fla. Stat. that defendant alleges victim was about to commit.*

*Presumption of Fear (dwelling, residence, or occupied vehicle). Give if applicable. § 776.013(2)(a)-(d), Fla. Stat.*

**If the defendant was in a(n) [dwelling] [residence] [occupied vehicle] where [he] [she] had a right to be, [he] [she] is presumed to have had a reasonable fear of imminent death or great bodily harm to [himself] [herself] [another] if** (victim) **had [unlawfully and forcibly entered] [removed or attempted to remove another person against that person's will from] that [dwelling] [residence] [occupied vehicle] and the defendant had reason to believe that had occurred. The defendant had no duty to retreat under such circumstances.**

*Presumption of fear (unlawful and forcible entry into dwelling, residence, or occupied vehicle). Give if applicable. § 776.013(1), Fla. Stat.*

(Defendant) **is presumed to have held a reasonable fear of imminent peril of death or great bodily harm to [himself] [herself] [another] when [using] [or] [threatening to use] defensive force that was intended or likely to cause death or great bodily harm to another if:**

    a.    **The person against whom the defensive force was [used] [or] [threatened to be used] was in the process of unlawfully and forcefully entering, or had unlawfully and forcibly entered, a dwelling, residence, or occupied vehicle, or if that person had removed or was attempting to remove another against that person's will from the dwelling, residence, or occupied vehicle; and**

**b.** (Defendant) **knew or had reason to believe that an unlawful and forcible entry or unlawful and forcible act was occurring or had occurred.**

*Exceptions to Presumption of Fear. § 776.013(2)(a)-(2)(d), Fla. Stat. Give as applicable.*
**The presumption of reasonable fear of imminent death or great bodily harm does not apply if:**

**a.** **the person against whom the defensive force is [used] [or] [threatened to be used] has the right to be in [or is a lawful resident of the [dwelling] [residence]] [thevehicle], such as an owner, lessee, or titleholder, and there is not an injunction for protection from domestic violence or a written pretrial supervision order of no contact against that person; or**

**b.** **the person or persons sought to be removed is a child or grandchild, or is otherwise in the lawful custody or under the lawful guardianship of, the person against whom the defensive force is [used] [or] [threatened to be used]; or**

**c.** **the person who [uses] [or] [threatens to use] defensive force is engaged in an unlawfula criminal activity or is using the [dwelling] [residence] [occupied vehicle] to further an unlawfula criminal activity; or**

**d.** **the person against whom the defensive force is [used] [or] [threatened to be used] is a law enforcement officer, who enters or attempts to enter a [dwelling] [residence] [vehicle] in the performance of [his] [her] official duties and the officer identified [himself] [herself] in accordance with any applicable law or the person [using] [or] [threatening to use] the force knew or reasonably should have known that the person entering or attempting to enter was a law enforcement officer.**
*If requested, give definition of "law enforcement officer" from § 943.10(14), Fla. Stat.*

*§ 776.013(4), Fla. Stat. § 776.013(5), Fla. Stat. Give if applicable.*
**A person who unlawfully and by force enters or attempts to enter**

another's [dwelling] [residence] [occupied vehicle] is presumed to be doing so with the intent to commit an unlawful act involving force or violence.

*Definitions. Give if applicable. § 776.013(5), Fla. Stat.*
**As used with regard to self defense:**

"Dwelling" means a building or conveyance of any kind, including any attached porch, whether the building or conveyance is temporary or permanent or mobile or immobile, which has a roof over it, including a tent, and is designed to be occupied by people lodging therein at night.

"Residence" means a dwelling in which a person resides either temporarily or permanently or is visiting as an invited guest.

"Vehicle" means a conveyance of any kind, whether or not motorized, which is designed to transport people or property.

*Aggressor. § 776.041(1), Fla. Stat. Give if applicable.*
**However, the [use] [or] [threatened use] of deadly force is not justified if you find that** (defendant) **was attempting to commit, committing, or escaping after the commission of** (applicable forcible felony listed in § 776.08, Fla. Stat.)**.**
*Give the elements of the applicable forcible felony but omit any reference to burden of proof. See Montijo v. State, 61 So. 3d 424 (Fla. 5th DCA 2011).*

*Aggressor. § 776.041(2), Fla. Stat. Give if applicable.*
*Gibbs v. State, 789 So. 2d 443 (Fla. 4th DCA 2001).*
**However, the [use] [or] [threatened use] of deadly force is not justified if you find that** (defendant) **used [force] [or] [the threat of force] to initially provoke the [use] [or] [threatened use] of force against [himself] [herself], unless:**

**1. The [force] [or] [threat of force] asserted toward the defendant was so great that [he] [she] reasonably believed that [he] [she] was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than [using] [or] [threatening to use] deadly force on** (victim)**.**

**2. In good faith,** (defendant) **withdrew from physical contact with** (victim) **and clearly indicated to** (victim) **that [he] [she] wanted to withdraw**

- 11 -

**and stop the [use] [or] [threatened use] of deadly force, but** (victim) **continued or resumed the [use] [or] [threatened use] of force.**

*Prior threats. Give if applicable.*

**If you find that the defendant, who because of threats or prior difficulties with** (victim)**, had reasonable grounds to believe that [he] [she] was in danger of death or great bodily harm at the hands of** (victim)**,** ~~then the defendant had the right to arm [himself] [herself],~~**you may consider this fact in determining whether the actions of the defendant were those of a reasonable person.** ~~However, the defendant cannot justify the use of deadly force, if after arming [himself] [herself] [he] [she] renewed [his] [her] difficulty with~~ (victim) ~~when [he] [she] could have avoided the difficulty, although as previously explained if the defendant was not engaged in an unlawful activity and was attacked in any place where [he] [she] had a right to be, [he] [she] had no duty to retreat.~~

*Reputation of victim <u>known by defendant</u>. Give if applicable.*

**If you find that** (victim) **had a reputation of being a violent and dangerous person and that [his] [her] reputation was known to the defendant, you may consider this fact in determining whether the actions of the defendant were those of a reasonable person in dealing with an individual of that reputation.**

*<u>Reputation of victim not necessarily known by defendant (to show victim acted in conformity with victim's character). Give if applicable.</u>*

**If you find that** (victim) **had a reputation of being a violent and dangerous person, you may consider this fact in determining whether [he] [she] was the initial aggressor.**

*Physical abilities. Read in all cases.*

**In considering the issue of self-defense, you may take into account the relative physical abilities and capacities of the defendant and** (victim).

*Read in all cases.*

**If in your consideration of the issue of self-defense you have a reasonable doubt on the question of whether the defendant was justified in the use of deadly force, you should find the defendant not guilty.**

**However, if from the evidence you are convinced <u>beyond a reasonable doubt</u> that the defendant was not justified in the use of deadly force, you**

**should find [him] [her] guilty if all the elements of the charge have been proved.**

## Comments

This instruction should be used for crimes committed on or after June 20, 2014. See Chapter 2014-195, Laws of Florida.

This instruction was adopted in 1981 and was amended in 1985 [477 So. 2d 985], 1999 [732 So. 2d 1044], 2000 [789 So. 2d 9~~8~~54], 2006 [930 So. 2d 612], 2008 [976 So. 2d 1081], ~~and~~ 2010 [27 So. 3d 640], and 2016.

## 3.6(g) JUSTIFIABLE USE OF NON-DEADLY FORCE

*Because there are many ~~defenses~~statutes applicable to self-defense, give only those parts of the instructions that are required by the evidence. However, unless the evidence establishes the force used was deadly or non-deadly as a matter of law, both 3.6(f) and 3.6(g) must be given. Mathis v. State, 863 So. 2d 464 (Fla. 1st DCA 2004). Only the discharge of a firearm, whether accidental or not, has been deemed to be the use of deadly force as a matter of law. Hosnedl v. State, 120 So. 3d 400 (Fla. 4th DCA 2013).*

*Read in all cases.*
~~**An issue in this case is whether the defendant acted in self-defense.**~~ **It is a defense to the** ~~**offense with which**~~ (defendant) ~~**is charged if the [death of] [injury to]**~~ (victim) ~~**resulted from**~~**crime[s] of** (name[s] of relevant crime[s]) **if the actions of** (defendant) **constituted** the justifiable use of non-deadly force.

*Definition.*
**"Non-deadly" force means force not likely to cause death or great bodily harm.**

*In defense of person. § 776.012(1), Fla. Stat. Give if applicable.*
(Defendant) ~~**would be**~~**was justified in [using] [or] [threatening to use] non-deadly force against** (victim) **and had no duty to retreat if** ~~the following two facts are proved:~~ **[he] [she] reasonably believed that such conduct was necessary to defend [himself] [herself] [another] against** (victim's) **imminent use of unlawful force.**

- 13 -

1. ~~(Defendant)~~ **~~must have reasonably believed that such conduct was~~ ~~necessary to defend [himself] [herself] [another] against~~** ~~(victim's)~~ **~~imminent use of unlawful force against the [defendant] [another~~ ~~person].~~**

2. **~~The use of unlawful force by~~** ~~(victim)~~ **~~must have appeared to~~** ~~(defendant)~~ **~~to be ready to take place.~~**

*In defense of property. § 776.031(1), Fla. Stat. Give if applicable.*
(Defendant) ~~would be~~**was** justified in [using] [or] [threatening to use] non-deadly force against (victim) **and had no duty to retreat** if ~~the following three facts are proved:~~

1. (Victim) ~~must have been~~**[was about to trespass] [or] [was trespassing]** or **[was about to wrongfully interfere] [or] [was**~~otherwise~~**wrongfully interfering]** with land or personal property~~.~~**; and**

2. The land or personal property ~~must have~~**was** lawfully ~~been~~**in** (defendant's) **possession, or in the possession of a member of [his] [her] immediate family or household, or in the possession of some person whose property [he] [she] was under a legal duty to protect**~~.~~**; and**

3. (Defendant) ~~must have~~**reasonably believed that [his] [her] [use] [or] [threatened use] of force was necessary to prevent or terminate** (victim's) **wrongful behavior.**

*~~No duty to retreat (dwelling, residence, or occupied vehicle). Give if applicable.~~*
**~~If the defendant is in [his] [her] [dwelling] [residence] [occupied vehicle] [he] [she] is presumed to have held a reasonable fear of imminent peril of death or bodily injury to [himself] [herself] [another] if~~** ~~(victim)~~ **~~has [unlawfully and forcibly entered] [has removed or attempted to remove another person against that person's will from] that [dwelling] [residence] [occupied vehicle] and the defendant had reason to believe that had occurred. The defendant had no duty to retreat under such circumstances.~~**

*Presumption of fear (unlawful and forcible entry into dwelling, residence, or occupied vehicle). Give if applicable. § 776.013(1), Fla. Stat.*

(Defendant) **is presumed to have held a reasonable fear of imminent peril of death or great bodily harm to [himself] [herself] [another] when [using] [or] [threatening to use] defensive force if:**

a. **The person against whom the defensive force was [used] [or] [threatened to be used] was in the process of unlawfully and forcefully entering, or had unlawfully and forcibly entered, a dwelling, residence, or occupied vehicle, or if that person had removed or was attempting to remove another against that person's will from the dwelling, residence, or occupied vehicle; and**

b. (Defendant) **knew or had reason to believe that an unlawful and forcible entry or unlawful and forcible act was occurring or had occurred.**

*Exceptions to Presumption of Fear. §§ 776.013(2)(a)-(2)(d), Fla. Stat. Give as applicable.*
**The presumption of reasonable fear of imminent death or great bodily harm does not apply if:**

a. **the person against whom the defensive force is [used] [or] [threatened to be used] has the right to be in [or is a lawful resident of the [dwelling] [residence]] [vehicle], such as an owner, lessee, or titleholder, and there is not an injunction for protection from domestic violence or a written pretrial supervision order of no contact against that person; or**

b. **the person or persons sought to be removed is a child or grandchild, or is otherwise in the lawful custody or under the lawful guardianship of, the person against whom the defensive force is [used] [or] [threatened to be used]; or**

c. **the person who [uses] [or] [threatens to use] defensive force is engaged in a criminal activity or is using the [dwelling] [residence] [occupied vehicle] to further a criminal activity; or**

d. **the person against whom the defensive force is [used] [or] [threatened to be used] is a law enforcement officer, who enters or**

**attempts to enter a [dwelling] [residence] [vehicle] in the performance of [his] [her] official duties and the officer identified [himself] [herself] in accordance with any applicable law or the person [using] [or] [threatening to use] the force knew or reasonably should have known that the person entering or attempting to enter was a law enforcement officer.**
*If requested, give definition of "law enforcement officer" from § 943.10(14), Fla. Stat.*

*§ 776.013(4), § 776.013(5), Fla. Stat. Give if applicable.*
**A person who unlawfully and by force enters or attempts to enter another's [dwelling] [residence] [occupied vehicle] is presumed to be doing so with the intent to commit an unlawful act involving force or violence.**

~~*No duty to retreat (location other than dwelling, residence, or occupied vehicle). Give if applicable. See Novak v. State 974 So. 2d 520 (Fla. 4th DCA 2008) regarding unlawful activity. There is no duty to retreat where the defendant was not engaged in any unlawful activity other than the crime(s) for which the defendant asserts the justification.*~~
~~**If the defendant [was not engaged in an unlawful activity and] was attacked in any place where [he] [she] had a right to be, [he] [she] had no duty to retreat and had the right to stand [his] [her] ground and meet force with force, including deadly force, if [he] [she] reasonably believed that it was necessary to do so to prevent death or great bodily harm to [himself] [herself] [another] or to prevent the commission of a forcible felony.**~~

~~*Definitions.*~~
~~**As used with regard to self defense,**~~

**"Dwelling" means a building or conveyance of any kind, including any attached porch, whether the building or conveyance is temporary or permanent or mobile or immobile, which has a roof over it, including a tent, and is designed to be occupied by people lodging therein at night.**

**"Residence" means a dwelling in which a person resides either temporarily or permanently or is visiting as an invited guest.**

**"Vehicle" means a conveyance of any kind, whether or not motorized, which is designed to transport people or property.**

*Define applicable forcible felony that defendant alleges victim was about to commit.*

*Give in all cases.*
**A person does not have a duty to retreat if the person is in a place where [he] [she] has a right to be.**

*Aggressor. § 776.041, Fla. Stat.*
**The use of non-deadly force is not justified if you find:**

*Give only if the defendant is charged with an independent forcible felony. See Giles v. State, 831 So. 2d 1263 (Fla. 4th DCA 2002).*
**1.** (Defendant) **was attempting to commit, committing, or escaping after the commission of a** (applicable forcible felony).

*Define applicable forcible felony.*
**2.** (Defendant) **initially provoke the use of force against [himself] [herself], unless:**

   **a.**   **The force asserted toward the defendant was so great that [he] [she] reasonably believed that [he] [she] was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than using non-deadly force on** (assailant)**.**

   **b.**   **In good faith, the defendant withdrew from physical contact with** (assailant) **and indicated clearly to** (assailant) **that [he] [she] wanted to withdraw and stop the use of non-deadly force, but** (assailant) **continued or resumed the use of force.**

*Force in resisting a law enforcement officer. § 776.051(1), Fla. Stat.*
**A person is not justified in [using] [or] [threatening to use] force to resist an arrest by a law enforcement officer, or to resist a law enforcement officer who is engaged in the execution of a legal duty, if the law enforcement officer was acting in good faith and he or she is known, or reasonably appears, to be a law enforcement officer.**

*Give the following instruction if applicable.*
**However, if an officer uses excessive force to make an arrest, then a person is justified in the [use] [or] [threatened use] of reasonable force to defend [himself] [herself] [another], but only to the extent [he] [she] reasonably believes such force is necessary**. *See § 776.012, Fla. Stat.; Ivester v. State, 398 So. 2d 926 (Fla. 1st DCA 1981); Jackson v. State, 463 So. 2d 372 (Fla. 5th DCA 1985).*

*In some instances, the instructions applicable to §§ 776.012, 776.031, or 776.041, Fla. Stat., may need to be given in connection with this instruction.*

*Read in all cases.*
**In deciding whether** ~~defendant~~(defendant) **was justified in the [use] [or] [threatened use] of non-deadly force, you must** ~~judge [him] [her] by~~consider **the circumstances by which [he] [she] was surrounded at the time the [force] [or] [threat of force] was used. The danger** ~~facing the defendant~~need **not have been actual; however, to justify the [use] [or] [threatened use] of non-deadly force, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that [force] [or] [threat of force], although as I have previously explained, the defendant had no duty to retreat. Based upon appearances,** ~~the defendant~~(defendant) **must have actually believed that the danger was real.**

*Aggressor. § 776.041(1), Fla. Stat. Give if applicable.*
**However, the [use] [or] [threatened use] of non-deadly force is not justified if you find that** (defendant) **was attempting to commit, committing, or escaping after the commission of a[n]** (applicable forcible felony listed in § 776.08, Fla. Stat.)**.**
*Give the elements of the applicable forcible felony but omit any reference to burden of proof. Montijo v. State, 61 So. 3d 424 (Fla. 5th DCA 2011).*

*Aggressor. § 776.041(2), Fla. Stat. Give if applicable.*
*Gibbs v. State, 789 So. 2d 443 (Fla. 4th DCA 2001).*
**However, the [use] [or] [threatened use] of non-deadly force is not justified if you find that** (defendant) **used [force] [or] [the threat of force] to initially provoke the [use] [or] [threatened use] of force against [himself] [herself], unless:**

**1.    The [force] [or] [threatened force] asserted toward** (defendant) **was so great that [he] [she] reasonably believed that [he] [she] was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than using non-deadly force on** (victim)**.**

**2.    In good faith,** (defendant) **withdrew from physical contact with** (victim) **and indicated clearly to** (victim) **that [he] [she] wanted to withdraw and stop the [use] [or] [threatened use] of non-deadly force, but** (victim) **continued or resumed the [use] [or] [threatened use] of force.**

*Reputation of victim <u>known by defendant</u>. Give if applicable.*
**If you find that** (victim) **had a reputation of being a violent and dangerous person and that [his] [her] reputation was known to the defendant, you may consider this fact in determining whether the actions of the defendant were those of a reasonable person in dealing with an individual of that reputation.**

*<u>Reputation of victim not necessarily known by defendant (to show victim acted in conformity with victim's character). Give if applicable.</u>*
**If you find that** (victim) **had a reputation of being a violent and dangerous person, you may consider this fact in determining whether [he] [she] was the initial aggressor.**

*Physical abilities. Read in all cases.*
**In considering the issue of self-defense, you may take into account the relative physical abilities and capacities of the defendant and** (victim)**.**

*Read in all cases.*
**If, in your consideration of the issue of self-defense you have a reasonable doubt on the question of whether the defendant was justified in the use of non-deadly force, you should find the defendant not guilty.**

**However, if from the evidence you are convinced <u>beyond a reasonable doubt</u> that the defendant was not justified in the use of non-deadly force, then you should find [him] [her] guilty if all the elements of the charge have been proved.**

**Comments**

This instruction should be used for crimes committed on or after June 20, 2014. See Chapter 2014-195, Laws of Florida.

This instruction was adopted in 1981 and was amended in 1985 [477 So. 2d 985], 1992 [603 So. 2d 1175], 2006 [930 So. 2d 612], 2007 [947 So. 2d 1159], 2008 [976 So. 2d 1081], and 2010 [27 So. 3d 640], and 2016.