# Supreme Court of Florida

_____

No. SC19-419

_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2019-01.**

December 19, 2019

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to standard jury instructions

3.6(f) and 3.6(g) and asks that the Court authorize the amended standard

instructions for publication and use.  We have jurisdiction.  *See* art. V, § 2(a), Fla.

Const.

In *In re Standard Jury Instructions in Criminal Cases—Report 2017-07*, 257

So. 3d 908 (Fla. 2018), we authorized for publication and use amendments to

standard criminal jury instructions 3.6(f) (Justifiable Use of Deadly Force) and

3.6(g) (Justifiable Use of Non-Deadly Force).  We also referred instruction 3.6(f)

back to the Committee for consideration of whether the common law "castle

doctrine" should be added to the instruction to cover the situation in which the

defendant is in his or her place of business and is engaged in criminal activity, *see Redondo v. State*, 380 So. 2d 1107, 1110-11 (Fla. 3d DCA 1980) (adopting the rule that a defendant is under no duty to retreat prior to using deadly force in self-defense when attacked in his or her place of employment while lawfully engaged in his occupation), *quashed in part on other grounds*, 403 So. 2d 954 (Fla. 1981); *Frazier v. State*, 681 So. 2d 824, 825 (Fla. 2nd DCA 1996) (agreeing with the Third District Court of Appeal that the "castle doctrine" applies to the workplace, citing *Redondo*), as suggested by the Florida Public Defender Association in its comment in that earlier case.

The Committee, after having published its proposals in *The Florida Bar News* and having received one comment, filed its report with the Court proposing amendments to both instructions 3.6(f) and 3.6(g). In its report, the Committee explains that

> [a] question arises as to whether this extension [of the "castle doctrine"] applies if the person were engaged in criminal activity. Notably, §§ 776.012(2) and 776.031(2), Fla. Stats., state: "A person who uses or threatens to use deadly force in accordance with this subsection does not have a duty to retreat and has the right to stand his or her ground *if the person using or threatening to use deadly force is not engaged in a criminal activity* and is in a place where he or she has a right to be. (emphasis added). If the courts apply the plain language of these statutes, then a convicted felon, who unlawfully possesses a firearm while working in his place of business, has a duty to retreat before using deadly force because he is engaged in criminal activity. However, if the *Redondo* and *Frazier* case law applies, despite the employee engaging in criminal activity, the convicted

- 2 -

felon, who was otherwise working at his job lawfully, would not have a duty to retreat before using deadly force.

A majority of the Committee did not believe that the case law that extends the "castle doctrine" into a place of employment survives the Stand Your Ground statutes if the defendant was engaged in criminal activity. Because this Court has not addressed this specific point of law, the Committee instead proposes amending instruction 3.6(f) to bring this issue to the attention of the courts and lawyers.

We agree with the Committee that a standard jury instruction case is not the proper means in which to resolve a substantive issue of law. Rather, absent clarification by the legislature, that matter must await this Court's resolution in an actual case and controversy. *See, e.g.*, *In re Std. Jury Instrs. in Criminal Cases—Report 2018-04*, 257 So. 3d 370, 372 (Fla. 2018); *In re Std. Jury Instrs. in Criminal Cases—Report No. 2015-08*, 194 So. 3d 1007 (Fla. 2016); *In re Std. Jury Instrs. in Criminal Cases—Instruction 14.2*, 140 So. 3d 992 (Fla. 2014); *In re Std. Jury Instrs. in Criminal Cases—Report No. 2011-03*, 95 So. 3d 868, 869 (Fla. 2012); *In re Std. Jury Instrs. in Criminal Cases—Report 2011-04*, 85 So. 3d 1090, 1091 n.1 (Fla. 2012); *In re Std. Jury Instrs. in Criminal Cases—Report No. 2007-5*, 982 So. 2d 1160 (Fla. 2008). Accordingly, instruction 3.6(f) is amended to include two italicized notes alerting courts and litigants of the issue. The first new paragraph is included in the section under section 776.013(1), and provides as follows:

*Before the latest Chapter 776 statutes went into effect, case law such as De La Hoz v. State, 997 So. 2d 1198 (Fla. 3d DCA 2008) extended the Castle Doctrine to people in their place of employment while lawfully engaged in their occupations. If this extension of the Castle Doctrine is still valid, a person in his or her place of employment while lawfully engaged in his or her occupation has no duty to retreat before using or threatening to use deadly force, even if he or she was otherwise engaged in criminal activity. The paragraph below can be modified to include a person in his or her place of employment while lawfully engaged in his or her occupation.*

The second is added to the italicized note above the paragraph pertaining to danger, and provides "*If the Castle Doctrine for a person in his or her place of employment still applies, the paragraph below should be modified to include a person in his or her place of employment while lawfully engaged in his or her occupation.*"

In addition to the above-described amendment to instruction 3.6(f), both instructions 3.6(f) and 3.6(g) are amended to include the definition for "great bodily harm," consistent with prior decisions to provide as follows: "'Great bodily harm' means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises." *See, e.g.*, *In re Std. Jury Instrs. in Criminal Cases—Report 2018-14*, 267 So. 3d 980 (Fla. 2019) (authorizing instructions 3.3(d), 8.5(a), 16.5, 21.14, and 29.24 to include the definition); *In re Std. Jury Instrs. in Criminal Cases—Report 2018-09*, 262 So. 3d 59, 67, 70 (Fla. 2019) (authorizing instructions 7.9 and 16.12 to include the definition); *In re Std.*

- 4 -

*Jury Instrs. in Criminal Cases—Report 2018-06*, 260 So.3d 941, 942 (Fla. 2018) (authorizing instructions 15.1, 15.2, and 15.3 to include the definition); *In re Std. Instrs. in Criminal Cases—Report 2018-05*, 257 So. 3d 925 (Fla. 2018) (authorizing instructions 13.1, 13.3, and 13.4 to include the definition).  We reject the Committee's abbreviated definition proffered without explanation for the necessity to deviate from the previously authorized version.

Having considered the Committee's report, the comment, and the Committee's response thereto, we authorize for publication and use amended instructions 3.6(f) and 3.6(g) as modified and as set forth in the appendix to this opinion.[1]  New language is indicated by underlining, and deleted language is indicated by struck-through type.  In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions.  We further caution all interested parties that any comments associated with the instructions

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml.  We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions.  Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## 3.6(f) JUSTIFIABLE [USE] [OR] [THREATENED USE] OF DEADLY FORCE

*~~Because there are many statutes applicable to self-defense, give only those parts of the instructions that are required by the evidence. However, u~~Unless the evidence establishes the force or threat of force was deadly or non-deadly as a matter of law, both 3.6(f) and 3.6(g) must be given. Mathis v. State, 863 So. 2d 464 (Fla. 1st DCA 2004). Only the discharge of a firearm, whether accidental or not, has been deemed to be the use of deadly force as a matter of law. Hosnedl v. State, 126 So. 3d 400 (Fla. 4th DCA 2013).*

*§ 782.02, Fla. Stat., and many statutes within Chapter 776 address the justifiable use or threatened use of deadly force, however, § 782.02, Fla. Stat., does not address the concept of stand-your-ground/no duty to retreat. Additionally, § 776.013(1), Fla. Stat., covers the situation where the defendant was in a dwelling and had the right to be there while §§ 776.012(1), and 776.031(2), Fla. Stats., cover other situations. Judges should use great caution in deciding which statutes apply and which parts of the instruction are required to be given.*

**It is a defense to the crime[s] of** (name[s] of relevant crime[s], including lesser-included offenses) **if the actions of** (defendant) **constituted the justifiable [use] [or] [threatened use] of deadly force. "Deadly force" means force likely to cause death or great bodily harm. <u>"Great bodily harm" means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises.</u>**

*~~Section 782.02, Fla. Stat., and many statutes within Chapter 776 address the justifiable use of deadly force, however, § 782.02, Fla. Stat., does not address the concept of stand-your-ground/no duty to retreat. Additionally, § 776.013(1), Fla. Stat., covers the situation where the defendant was in a dwelling and had the right to be there while § 776.012(1), and §776.031(2), Fla. Stat., cover other situations. The Committee advises lawyers and judges to use great caution in deciding which statute or statutes apply.~~*

*Give if applicable. § 782.02, Fla. Stat.*

**The use of deadly force is justifiable if** (defendant) **reasonably believed that the force was necessary to prevent imminent death or great bodily harm to [himself] [herself] while resisting:**

**another's attempt to murder [him] [her], or**

**any attempt to commit** (applicable felony) **upon [him] [her], or**

**any attempt to commit** (applicable felony) **upon or in any dwelling house in which [he] [she] was present.**

*Give the elements of the applicable felony that defendant alleges victim attempted to commit, but omit any reference to burden of proof. See Montijo v. State, 61 So. 3d 424 (Fla. 5th DCA 2011).*

*Give if applicable. §§ 776.012(2), 776.031(2), Fla. Stat. Defendant not in a dwelling or residence or defendant was in a dwelling or residence but had no right to be there. Where appropriate, the court should state or define the applicable criminal activity that the defendant may have been engaged in.*

(Defendant) **was justified in [using] [or] [threatening to use] deadly force if [he] [she] reasonably believed that such [force] [or] [threat of force] was necessary to prevent [imminent death or great bodily harm to [himself] [herself] [or] [another] [or] [the imminent commission of** (applicable forcible felony listed in § 776.08, Fla. Stat.) **against [himself] [herself] [or another]]. If** (defendant) **was not otherwise engaged in criminal activity and was in a place [he] [she] had a right to be, then [he] [she] had no duty to retreat and had the right to stand [his] [her] ground.**

*Give the elements of the applicable forcible felony that defendant alleges victim was about to commit, but omit any reference to burden of proof. See Montijo v. State, 61 So. 3d 424 (Fla. 5th DCA 2011). The instruction may need to be modified in the event that the forcible felony at issue is not a crime against a person.*

*Give the paragraph below when there is evidence that the defendant was engaged in criminal activity or was not in a place where he or she had a right to be, which means there was a duty to retreat. Morgan v. State, 127 So. 3d 708 (Fla. 5th DCA 2013). Where appropriate, the court should state or define the applicable criminal activity that the defendant may have been engaged in.*

**If** (defendant) **was otherwise engaged in criminal activity or was not in a place [he] [she] had a right to be, then the [use] [or] [threatened use] of deadly force was not justified unless [he] [she] used every reasonable means within**

**[his] [her] power and consistent with [his] [her] own safety to avoid the danger before resorting to the [use] [or] [threatened use] of deadly force. The fact that the defendant was wrongfully attacked cannot justify [his] [her] [use] [or] [threatened use] of deadly force, if, by retreating, [he] [she] could have avoided the need to [use] [or] [threaten to use] deadly force. However, if (defendant) was placed in a position of imminent danger of death or great bodily harm and it would have increased [his] [her] own danger to retreat, then [his] [her] [use] [or] [threatened use] of deadly force was justifiable.**

*Give if applicable. § 776.013(1), Fla. Stat. Defendant in a dwelling or residence and had a right to be there.*
*Before the latest Chapter 776 statutes went into effect, case law such as De La Hoz v. State, 997 So. 2d 1198 (Fla. 3d DCA 2008) extended the Castle Doctrine to people in their place of employment while lawfully engaged in their occupations. If this extension of the Castle Doctrine is still valid, a person in his or her place of employment while lawfully engaged in his or her occupation has no duty to retreat before using or threatening to use deadly force, even if he or she was otherwise engaged in criminal activity. The paragraph below can be modified to include a person in his or her place of employment while lawfully engaged in his or her occupation.*

**If** (defendant) **was in a [dwelling] [residence] in which [he] [she] had a right to be, [he] [she] had no duty to retreat and had the right to stand [his] [her] ground and use [or] [threaten to use] force, including deadly force if [he] [she] reasonably believed that such conduct was necessary to prevent imminent death or great bodily harm to [himself] [herself] [or] [another] [or] [the imminent commission of** (applicable forcible felony listed in § 776.08, Fla. Stat.)**] against [himself] [herself] [or] [another].**

*Give the elements of the applicable forcible felony that defendant alleges victim was about to commit, but omit any reference to burden of proof. See Montijo v. State, 61 So. 3d 424 (Fla. 5th DCA 2011). The instruction may need to be modified in the event that the forcible felony at issue is not a crime against a person.*

*Force in resisting a law enforcement officer. § 776.051(1), Fla. Stat.*
**A person is not justified in [using force] [or] [threatening to use force] to resist an arrest by a law enforcement officer, or to resist a law enforcement officer who is engaged in the execution of a legal duty, if the law enforcement officer was acting in good faith and he or she is known, or reasonably appears, to be a law enforcement officer.**

*Give if applicable.*

**However, if an officer uses excessive force to make an arrest, then a person is justified in the [use] [or] [threatened use] of reasonable force to defend [himself] [herself]** (or another)**, but only to the extent [he] [she] reasonably believes such [force] [or] [threat of force] is necessary.** *See § 776.012, Fla. Stat.; Ivester v. State, 398 So. 2d 926 (Fla. 1st DCA 1981); Jackson v. State, 463 So. 2d 372 (Fla. 5th DCA 1985).*

*Read in all cases.*

*At the end of the last sentence of the paragraph below, there are two sets of brackets. The words within the first set of brackets should be read if the jury is instructed on either § 776.012(2), Fla. Stat., or § 776.031(2), Fla. Stat. The words within the second set of brackets should be read if the jury is instructed on § 776.013(1), Fla. Stat. (If the Castle Doctrine for a person in his or her place of employment still applies, the paragraph below should be modified to include a person in his or her place of employment while lawfully engaged in his or her occupation.)*

*If the evidence is in dispute about whether the defendant was in a dwelling or residence or whether the defendant had a right to be there or whether the defendant was engaged in criminal activity, the trial judge must craft a special instruction for the paragraph below.*

**In deciding whether** (defendant) **was justified in the [use] [or] [threatened use] of deadly force, you must consider the circumstances by which [he] [she] was surrounded at the time the [force] [or] [threat of force] was used. The danger need not have been actual; however, to justify the [use] [or] [threatened use] of deadly force, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that [force] [or] [threat of force]. Based upon appearances,** (defendant) **must have actually believed that the danger was real. However, the defendant had no duty to retreat if [he] [she] was [not otherwise engaged in criminal activity and was in a place where [he] [she] had a right to be] [was in a dwelling or residence in which [he] [she] had a right to be].**

*Presumption of fear (unlawful and forcible entry into dwelling, residence, or occupied vehicle). Give if applicable. § 776.013(2), Fla. Stat.*

(Defendant) **is presumed to have held a reasonable fear of imminent peril of death or great bodily harm to [himself] [herself] [another] when [using] [or] [threatening to use] defensive force that was intended or likely to cause death or great bodily harm to another if:**

- 10 -

a. **The person against whom the defensive force was [used] [or] [threatened to be used] was in the process of unlawfully and forcefully entering, or had unlawfully and forcibly entered, a dwelling, residence, or occupied vehicle, or if that person had removed or was attempting to remove another against that person's will from the dwelling, residence, or occupied vehicle; and**

b. (Defendant) **knew or had reason to believe that an unlawful and forcible entry or unlawful and forcible act was occurring or had occurred.**

*Exceptions to Presumption of Fear. § 776.013(3)(a)-(3)(d), Fla. Stat. Give as applicable.*

**The presumption of reasonable fear of imminent death or great bodily harm does not apply if:**

a. **the person against whom the defensive force is [used] [or] [threatened to be used] has the right to be in [or is a lawful resident of the [dwelling] [residence]] [vehicle], such as an owner, lessee, or titleholder, and there is not an injunction for protection from domestic violence or a written pretrial supervision order of no contact against that person; or**

b. **the person or persons sought to be removed is a child or grandchild, or is otherwise in the lawful custody or under the lawful guardianship of, the person against whom the defensive force is [used] [or] [threatened to be used]; or**

c. **the person who [uses] [or] [threatens to use] defensive force is engaged in a criminal activity or is using the [dwelling] [residence] [occupied vehicle] to further a criminal activity; or**

d. **the person against whom the defensive force is [used] [or] [threatened to be used] is a law enforcement officer, who enters or attempts to enter a [dwelling] [residence] [vehicle] in the performance of [his] [her] official duties and the officer identified [himself]**

- 11 -

**[herself] in accordance with any applicable law or the person [using] [or] [threatening to use] the force knew or reasonably should have known that the person entering or attempting to enter was a law enforcement officer.**

*If requested, give definition of "law enforcement officer" from § 943.10(14), Fla. Stat.*

*§ 776.013(4), Fla. Stat. § 776.013(5), Fla. Stat. Give if applicable.*
**A person who unlawfully and by force enters or attempts to enter another's [dwelling] [residence] [occupied vehicle] is presumed to be doing so with the intent to commit an unlawful act involving force or violence.**

**"Dwelling" means a building or conveyance of any kind, including any attached porch, whether the building or conveyance is temporary or permanent or mobile or immobile, which has a roof over it, including a tent, and is designed to be occupied by people lodging therein at night.**

**"Residence" means a dwelling in which a person resides either temporarily or permanently or is visiting as an invited guest.**

**"Vehicle" means a conveyance of any kind, whether or not motorized, which is designed to transport people or property.**

*Aggressor. § 776.041(1), Fla. Stat. Give if applicable and only in cases where the defendant is charged with either: a) an independent forcible felony, Martinez v. State, 981 So. 2d 449 (Fla. 2008); or b) felony murder, if the underlying felony is an independent forcible felony, Cook v. State, 192 So. 3d 681 (Fla. 2d DCA 2016).*
**However, the [use] [or] [threatened use] of deadly force is not justified if you find that** (defendant) **was attempting to commit, committing, or escaping after the commission of** (applicable forcible felony listed in § 776.08, Fla. Stat.)**.**
*Give the elements of the applicable forcible felony but omit any reference to burden of proof. See Montijo v. State, 61 So. 3d 424 (Fla. 5th DCA 2011). The instruction may need to be modified in the event that the forcible felony at issue is not a crime against a person.*

*Aggressor. § 776.041(2), Fla. Stat. Give if applicable.*
*Gibbs v. State, 789 So. 2d 443 (Fla. 4th DCA 2001).*
**However, the [use] [or] [threatened use] of deadly force is not justified if you find that** (defendant) **used [force] [or] [the threat of force] to initially**

**provoke the [use] [or] [threatened use] of force against [himself] [herself], unless:**

1. **the [force] [or] [threat of force] asserted toward the defendant was so great that [he] [she] reasonably believed that [he] [she] was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than [using] [or] [threatening to use] deadly force on** (victim)**.**

   **[or]**

2. **in good faith,** (defendant) **withdrew from physical contact with** (victim) **and clearly indicated to** (victim) **that [he] [she] wanted to withdraw and stop the [use] [or] [threatened use] of deadly force, but** (victim) **continued or resumed the [use] [or] [threatened use] of force.**

*Prior threats. Give if applicable.*
**If you find that** (defendant)**, who because of threats or prior difficulties with** (victim)**, had reasonable grounds to believe that [he] [she] was in danger of death or great bodily harm at the hands of** (victim)**, you may consider this fact in determining whether the actions of** (defendant) **were those of a reasonable person.**

*Specific act of victim known by defendant. Give if applicable.*
**If you find that at the time of the alleged** (name[s] of relevant crime[s])**,** (defendant) **knew that** (victim) **had committed an act [or acts] of violence, you may consider that fact in determining whether** (defendant) **reasonably believed it was necessary for [him] [her] to [use] [or] [threaten to use] deadly force.**

*Reputation of victim known by defendant. Give if applicable.*
**If you find that** (victim) **had a reputation of being a violent and dangerous person and that [his] [her] reputation was known to** (defendant)**, you may consider this fact in determining whether the actions of** (defendant) **were those of a reasonable person in dealing with an individual of that reputation.**

*Reputation of victim not necessarily known by defendant (to show victim acted in conformity with victim's character). Give if applicable.*

**If you find that** (victim) **had a reputation of being a violent and dangerous person, you may consider this fact in determining whether [he] [she] was the initial aggressor.**

*Physical abilities. Read in all cases.*
**In considering the issue of [self-defense] [defense of another], you may take into account the relative physical abilities and capacities of** (defendant) **and** (victim)**.**

*Read in all cases.*
**If in your consideration of the issue of [self-defense] [defense of another] you have a reasonable doubt on the question of whether** (defendant) **was justified in the [use] [or] [threatened use] of deadly force, you should find [him] [her] not guilty.**

**However, if from the evidence you are convinced beyond a reasonable doubt that** (defendant) **was not justified in the [use] [or] [threatened use] of deadly force, you should find [him] [her] guilty if all the elements of the charge have been proved.**

## Comments

This instruction should be used for crimes committed on or after July 1, 2017.

A defendant may have knowledge of a victim's prior specific acts of violence because he or she was present during the occurrence of the specific acts or because the defendant heard of the specific acts prior to the date of the alleged act of self-defense. *See Smith v. State*, 606 So. 2d 641 (Fla. 1st DCA 1992).

This instruction was adopted in 1981 and was amended in 1985 [477 So. 2d 985], 1999 [732 So. 2d 1044], 2000 [789 So. 2d 954], 2006 [930 So. 2d 612], 2008 [976 So. 2d 1081], 2010 [27 So. 3d 640], 2016 [191 So. 3d 411], ~~and~~ 2018 [257 So. 3d 908], and 2019.

# 3.6(g) JUSTIFIABLE [USE] [OR] [THREATENED USE] OF NON-DEADLY FORCE

*Because there are many statutes applicable to ~~self-defense~~<u>the justifiable use or threatened use of force</u>, give only those parts of the instructions that are required by the evidence. However, unless the evidence establishes the force used was deadly or non-deadly as a matter of law, both 3.6(f) and 3.6(g) must be given. Mathis v. State, 863 So. 2d 464 (Fla. 1st DCA 2004). Only the discharge of a firearm, whether accidental or not, has been deemed to be the use of deadly force as a matter of law. Hosnedl v. State, 120 So. 3d 400 (Fla. 4th DCA 2013).*

**It is a defense to the crime[s] of** (name[s] of relevant crime[s], including lesser-included offenses) **if the actions of** (defendant) **constituted the justifiable [use] [or] [threatened] of non-deadly force. "Non-deadly" force means force not likely to cause death or great bodily harm. <u>"Great bodily harm" means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises.</u>**

*In defense of person. §§ 776.012(1), 776.013(1), Fla. Stat<u>s</u>. Give if applicable.*
(Defendant) **was justified in [using] [or] [threatening to use] non-deadly force against** (victim) **and had no duty to retreat if [he] [she] reasonably believed that such conduct was necessary to defend [himself] [herself] [another] against [**(victim's) **imminent use of unlawful force] [or] the imminent commission of** (applicable forcible felony listed in § 776.08, Fla. Stat.) **against [himself] [herself] [or] [another].**
*Give the elements of the applicable forcible felony that defendant alleges victim was about to commit, but omit any reference to burden of proof. See Montijo v. State, 61 So. 3d 424 (Fla. 5th DCA 2011). The instruction may need to be modified in the event that the forcible felony at issue is not a crime against a person.*

*In defense of property. § 776.031(1), Fla. Stat. Give if applicable.*
(Defendant) **was justified in [using] [or] [threatening to use] non-deadly force against** (victim) **and had no duty to retreat if:**

1.  (Victim) **[was about to trespass] [or] [was trespassing] or [was about to wrongfully interfere] [or] [was wrongfully**

**interfering] with ~~land~~real property other than a dwelling or personal property; and**

2. **The ~~land~~real property other than a dwelling or personal property was lawfully in** (defendant's) **possession, or in the possession of a member of [his] [her] immediate family or household, or in the possession of some person whose property [he] [she] was under a legal duty to protect; and**

3. (Defendant) **reasonably believed that [his] [her] [use] [or] [threatened use] of force was necessary to prevent or terminate** (victim's) **wrongful behavior.**

*Presumption of fear (unlawful and forcible entry into dwelling, residence, or occupied vehicle). Give if applicable. § 776.013(2), Fla. Stat.*
(Defendant) **is presumed to have held a reasonable fear of imminent peril of death or great bodily harm to [himself] [herself] [another] when [using] [or] [threatening to use] defensive force if:**

   a. **The person against whom the defensive force was [used] [or] [threatened to be used] was in the process of unlawfully and forcefully entering, or had unlawfully and forcibly entered, a dwelling, residence, or occupied vehicle, or if that person had removed or was attempting to remove another against that person's will from the dwelling, residence, or occupied vehicle; and**

   b. (Defendant) **knew or had reason to believe that an unlawful and forcible entry or unlawful and forcible act was occurring or had occurred.**

*Exceptions to Presumption of Fear. § 776.013(3)(a)-(3)(d), Fla. Stat. Give as applicable.*
**The presumption of reasonable fear of imminent death or great bodily harm does not apply if:**

   a. **the person against whom the defensive force is [used] [or] [threatened to be used] has the right to be in [or is a lawful resident of the [dwelling] [residence]]**

- 16 -

[vehicle], such as an owner, lessee, or titleholder, and there is not an injunction for protection from domestic violence or a written pretrial supervision order of no contact against that person; or

b. the person or persons sought to be removed is a child or grandchild, or is otherwise in the lawful custody or under the lawful guardianship of, the person against whom the defensive force is [used] [or] [threatened to be used]; or

c. the person who [uses] [or] [threatens to use] defensive force is engaged in a criminal activity or is using the [dwelling] [residence] [occupied vehicle] to further a criminal activity; or

d. the person against whom the defensive force is [used] [or] [threatened to be used] is a law enforcement officer, who enters or attempts to enter a [dwelling] [residence] [vehicle] in the performance of [his] [her] official duties and the officer identified [himself] [herself] in accordance with any applicable law or the person [using] [or] [threatening to use] the force knew or reasonably should have known that the person entering or attempting to enter was a law enforcement officer.
*If requested, give definition of "law enforcement officer" from § 943.10(14), Fla. Stat.*

*§§ 776.013(4), 776.013(5), Fla. Stat. Give if applicable.*
  **A person who unlawfully and by force enters or attempts to enter another's [dwelling] [residence] [occupied vehicle] is presumed to be doing so with the intent to commit an unlawful act involving force or violence.**

  **"Dwelling" means a building or conveyance of any kind, including any attached porch, whether the building or conveyance is temporary or permanent or mobile or immobile, which has a roof over it, including a tent, and is designed to be occupied by people lodging therein at night.**

**"Residence"** means a dwelling in which a person resides either temporarily or permanently or is visiting as an invited guest.

**"Vehicle"** means a conveyance of any kind, whether or not motorized, which is designed to transport people or property.

*Force in resisting a law enforcement officer. § 776.051(1), Fla. Stat.*
**A person is not justified in [using] [or] [threatening to use] force to resist an arrest by a law enforcement officer, or to resist a law enforcement officer who is engaged in the execution of a legal duty, if the law enforcement officer was acting in good faith and he or she is known, or reasonably appears, to be a law enforcement officer.**

*Give the following instruction if applicable.*
**However, if an officer uses excessive force to make an arrest, then a person is justified in the [use] [or] [threatened use] of reasonable force to defend [himself] [herself] [another], but only to the extent [he] [she] reasonably believes such force is necessary.** *See § 776.012, Fla. Stat.; Ivester v. State, 398 So. 2d 926 (Fla. 1st DCA 1981); Jackson v. State, 463 So. 2d 372 (Fla. 5th DCA 1985).*

*Read in all cases.*
**In deciding whether** (defendant) **was justified in the [use] [or] [threatened use] of non-deadly force, you must consider the circumstances by which [he] [she] was surrounded at the time the [force] [or] [threat of force] was used. The danger need not have been actual; however, to justify the [use] [or] [threatened use] of non-deadly force, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that [force] [or] [threat of force], although as I have previously explained, the defendant had no duty to retreat. Based upon appearances,** (defendant) **must have actually believed that the danger was real.**

*Aggressor. § 776.041(1), Fla. Stat. Give if applicable and only in cases where the defendant is charged with either: a) an independent forcible felony, Martinez v. State, 981 So. 2d 449 (Fla. 2008); or b) felony murder, if the underlying felony is an independent forcible felony, Cook v. State, 192 So. 3d 681 (Fla. 2d DCA 2016).*
**However, the [use] [or] [threatened use] of non-deadly force is not justified if you find that** (defendant) **was attempting to commit, committing, or**

**escaping after the commission of a[n]** (applicable forcible felony listed in § 776.08, Fla. Stat.)**.**

*Give the elements of the applicable forcible felony but omit any reference to burden of proof. Montijo v. State, 61 So. 3d 424 (Fla. 5th DCA 2011). The instruction may need to be modified in the event that the forcible felony at issue is not a crime against a person.*

*Aggressor. § 776.041(2), Fla. Stat. Give if applicable.*
*Gibbs v. State, 789 So. 2d 443 (Fla. 4th DCA 2001).*

**However, the [use] [or] [threatened use] of non-deadly force is not justified if you find that** (defendant) **used [force] [or] [the threat of force] to initially provoke the [use] [or] [threatened use] of force against [himself] [herself], unless:**

1.  **the [force] [or] [threatened force] asserted toward** (defendant) **was so great that [he] [she] reasonably believed that [he] [she] was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than using non-deadly force on** (victim)**.**

    **[or]**

2.  **in good faith,** (defendant) **withdrew from physical contact with** (victim) **and indicated clearly to** (victim) **that [he] [she] wanted to withdraw and stop the [use] [or] [threatened use] of non-deadly force, but** (victim) **continued or resumed the [use] [or] [threatened use] of force.**

*Prior threats. Give if applicable.*
**If you find that** (defendant)**, who because of threats or prior difficulties with** (victim)**, had reasonable grounds to believe that [he] [she] was in danger of imminent use of unlawful force at the hands of** (victim)**, you may consider this fact in determining whether the actions of** (defendant) **were those of a reasonable person.**

*Specific act of victim known by defendant. Give if applicable.*
**If you find that at the time of the alleged** (name[s] of relevant crime[s])**,** (defendant) **knew that** (victim) **had committed an act [or acts] of violence, you may consider that fact in determining whether** (defendant) **reasonably believed**

**it was necessary for [him] [her] to [use] [or] [threaten to use] non-deadly force.**

*Reputation of victim known by defendant. Give if applicable.*
**If you find that** (victim) **had a reputation of being a violent and dangerous person and that [his] [her] reputation was known to** (defendant)**, you may consider this fact in determining whether the actions of** (defendant) **were those of a reasonable person in dealing with an individual of that reputation.**

*Reputation of victim not necessarily known by defendant (to show victim acted in conformity with victim's character). Give if applicable.*
**If you find that** (victim) **had a reputation of being a violent and dangerous person, you may consider this fact in determining whether [he] [she] was the initial aggressor.**

*Physical abilities. Read in all cases.*
**In considering the issue of [self-defense] [defense of another] [defense of property], you may take into account the relative physical abilities and capacities of** (defendant) **and** (victim)**.**

*Read in all cases.*
**If in your consideration of the issue of [self-defense] [defense of another] [defense of property] you have a reasonable doubt on the question of whether** (defendant) **was justified in the [use] [or] [threatened use] of non-deadly force, you should find [him] [her] not guilty.**

**However, if from the evidence you are convinced beyond a reasonable doubt that** (defendant) **was not justified in the [use] [or] [threatened use] of non-deadly force, then you should find [him] [her] guilty if all the elements of the charge have been proved.**

## Comments

This instruction should be used for crimes committed on or after July 1, 2017.

A defendant may have knowledge of a victim's prior specific acts of violence because he or she was present during the occurrence of the specific acts or

because the defendant heard of the specific acts prior to the date of the alleged act of self-defense. *See Smith v. State*, 606 So. 2d 641 (Fla. 1st DCA 1992).

This instruction was adopted in 1981 and was amended in 1985 [477 So. 2d 985], 1992 [603 So. 2d 1175], 2006 [930 So. 2d 612], 2007 [947 So. 2d 1159], 2008 [976 So. 2d 1081], 2010 [27 So. 3d 640], 2016 [191 So. 3d 411], ~~and~~ 2018 [257 So. 3d 908], and 2019.